UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

```
_____
                                        )
NATIONAL FAIR HOUSING ALLIANCE,         )
                        Plaintiff,      )
                                        )
        v.                              )   Case No. 1:19-cv-01147-TNM
                                        )
EVOLVE, LLC, et al.                     )
                        Defendants.     )
_____)
```

**MOTION FOR STAY OF LITIGATION**

Defendants Evolve, LLC and Christopher Swanson, respectfully request a stay of all litigation in the above-captioned action for 60 days. The Defendants' financial condition has been drastically impacted by the current economic conditions caused by the coronavirus pandemic. Defendant, Christopher Swanson, resides in the Virgin Islands and his income is inextricably linked to the tourist business in the Virgin Islands. The tourist business has been one of the industries "placed in an economic coma" by the federal and local governments to reduce the spread of the coronavirus. Consequently, Defendants lack the funds to continue to litigate this dispute. At present, the Defendants are in the initial stages of exploring bankruptcy options.

Meanwhile, the Plaintiff's counsel has expressed concern that Evolve, LLC and Mr. Swanson will not have sufficient funds to pay any judgment and have been casting about for alternative deep pockets. The Plaintiff has moved to add additional defendants to the litigation -- The Fred, LLC and Evolve Liberty Hall, LLC. The Court granted the motion. However, recognizing that this gambit may still not solve the problem of having a deep enough pocket to pay the claimed damages, the Plaintiff now has filed another motion to add an additional party – Evolve Warehouse, LLC to the litigation in the hope that they might find that deep pocket to pay a judgment. This effort was not backed by any relevant investigation of Evolve Warehouse, LLC which is a dormant entity with no assets.

The salient economic facts justifying a stay are the following:

1. Defendant The Fred, LLC owns a small hotel in the Virgin Islands. It has been forced to shutdown due to the pandemic. Its liabilities far exceed its assets.

2. Defendant Evolve Liberty Hall, LLC is a small residential apartment building. Many of its tenants are former employees of The Fred Hotel or other tourist-centered businesses. Those tenants have lost their jobs and will be unable to pay rent, rendering the Liberty Hall building insolvent.

3. Defendant Evolve LLC owns an apartment building in Washington, DC. Subsequent to the onset of the pandemic, the apartment building is not expected to generate any positive cash flow and it is quickly becoming insolvent. Evolve, LLC has absolutely no equity in The Fred Hotel, LLC. Additionally, there is a 60 day hold on any evictions (in DC and in the Virgin Islands) so there is no way to resolve any unpaid rent until after the pandemic is over. Defendants' experience after the hurricanes in 2017 is that tenants choose to move out and find another apartment rather than pay their rent from the prior months impacted by the disaster.

4. Newly-named Defendant Evolve Warehouse, LLC is a dormant entity with no assets.

5. Defendant Christopher Swanson is a 50 percent owner of the other Defendants and his involvement as a defendant appears to be based on his decision to make a selection in a software marketing program that served to block Section 8 applicants – a choice that is legal in most states, but recently became a violation in the District of Columbia. His net worth is based on his 50 percent ownership of the other Defendants.

6. Given these financial realities, the Defendants are seeking bankruptcy advice. Should bankruptcy be filed, this litigation would be subject to the automatic stay under Section 362 of the Bankruptcy Code. 11 U.S. Code § 362. *Automatic stay.*

Section 362(a) contains a list of actions that are stayed by the filing of a bankruptcy petition. Most importantly, after a debtor files for bankruptcy, a creditor cannot file *or continue to litigate a lawsuit* against the debtor to recover on claims that arose before the bankruptcy petition date. If a lawsuit has been filed against the debtor prior to the petition date, that lawsuit must immediately halt. If bankruptcy is filed, all of Plaintiff's litigation activity between now and the filing will be for naught. A stay entered now avoids that additional harm in the form of litigation expenses to all parties.

Setting aside the issue that there are no non-conclusory allegations in the amended complaint to meet the requirements of alter ego status for the new insolvent Defendants in the Virgin Islands, this motion for stay looks to the underlying logic of the litigation. The Plaintiff's damage claim is primarily based on the pre-litigation and litigation fees that Plaintiff claims it has incurred. A stay would help the Plaintiff to avoid additional damages accumulating during this uncertain economic period. If the Defendants are rendered uncollectible or file bankruptcy, the stay will have mitigated the Plaintiff's damages.

In addition, a stay would recognize the realities of attempting to litigate when most federal and state cases have been effectively stayed pending a return to safe and normal procedures. Courts are routinely extending pretrial schedules as many standard litigation and discovery plans cannot be pursued. A stay would not prejudice Plaintiff's request for injunctive relief as Evolve, LLC changed the marketing of its apartments as soon as it was informed that DC law prohibits any barriers to Section 8 applicants – before the suit was even filed. Evolve, LLC has already agreed to similar injunctive relief requested by the DC Attorney General's Office in a parallel case in DC Superior Court.

The undersigned counsel sought to gain consent for this motion, but despite such efforts, the Plaintiff refused to consent to a stay of the litigation.

WHEREFFORE, for the reasons stated herein, undersigned counsel request that this Honorable Court grant the instant motion and stay this litigation for 60 days.

April 9, 2019

Respectfully submitted,

  /s/   David H. Dickieson\_\_\_\_\_
David H. Dickieson (DC Bar #321778)
SCHERTLER & ONORATO, LLP
901 New York Avenue, NW, Suite 500W
Washington, DC 20001
(202) 628-4199

*Counsel for all Defendants*

# CERTIFICATE OF SERVICE

I, David H. Dickieson, hereby certify that on April 9, 2020, I caused the foregoing Motion to be electronically filed with the United States District Court for the District of Columbia through the Court's ECF service, thereby serving copies on all counsel of record.

    */s/ David H. Dickieson*
David H. Dickieson